USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCEDEZ VASQUEZ o/b/o ROBINSON VASQUEZ,

          Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

          Defendant.

Case No. 06-CV-7890 (KMK)(PED)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

    Mercedez Vasquez (on behalf of her minor son, Robinson Vasquez ("Robinson")) ("Plaintiff") brings this action against the Commissioner of Social Security ("the Commissioner" or "Defendant"), pursuant to 42 U.S.C. § 405(g), challenging the Commissioner's decision denying Plaintiff's application for disability insurance benefits on the grounds that Robinson is not disabled. The Court referred this case to Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b).[1] On June 19, 2009, Magistrate Judge Davison issued a Report and Recommendation ("R&R"), concluding that the Court should grant Plaintiff's motion for judgment on the pleadings, to the extent that the matter should be remanded, and deny Defendant's cross-motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

    A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] The case was originally assigned to Judge Colleen McMahon, but was reassigned to this Court on August 6, 2007.

magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id*.; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See Fed. Deposit Ins. Corp. V. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, neither party has filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no error in the R&R, clear or otherwise, and therefore adopts Magistrate Judge Davison's R&R in its entirety.

In particular, the Court finds that Magistrate Judge Davison correctly considered whether the Commissioner's decision was supported by substantial evidence and whether the proper legal standards were followed. *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997) ("Our review of the Social Security Administration's final decision denying a [Supplemental Security Income ("SSI")] benefits claim is not de novo; it is limited to inquiring whether the [Commissioner's] conclusions are supported by substantial evidence in the record or are based on

an erroneous legal standard."). In order to determine whether Robinson was disabled for purposes of receiving SSI benefits, the ALJ determined, through a three-step process (outlined in 20 C.F.R. § 416.924(a)): (1) that Robinson was not engaged in substantial gainful activity; (2) that he had an impairment or combination of impairments that is severe; and (3) that his impairment did not meet, medically equal, or functionally equal, an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Part 404. It is this third and final determination of the ALJ that Plaintiff disputes.

According to the regulations, in making the third determination, the ALJ must consider whether the impairment, alone or in combination with another impairment, "meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a). In order to determine functional equivalency – defined as an impairment of "listing-level severity," or one that "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain," 20 C.F.R. § 416.926a(a) – the ALJ is to consider how a child functions in his activities in each of six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A child who is found to have an impairment of "listing-level severity" (i.e., an "extreme" limitation in one of the domains or "marked" limitations in two or more domains) qualifies as disabled for purposes of receiving SSI benefits.

The ALJ first determined that Robinson's impairment did not medically equal any of the impairments in the listing. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. Then, analyzing Robinson under the framework outlined above, the ALJ determined that Robinson's impairment was not the functional equivalent of any of the listed impairments. Thus, the ALJ concluded that Robinson

did not suffer from a disability and was not eligible to receive SSI benefits. Magistrate Judge Davison first dismissed Plaintiff's contention that Robinson's condition is the medical equivalent of asthma. (R&R 6-8.) He then found that the ALJ's functional equivalency analysis was supported by substantial evidence, mainly in the form of unchallenged expert opinion. (R&R 8-9.) Finally, he found that the ALJ's determination that Robinson's condition was not the medical equivalent of a listed impairment was not supported by substantial evidence. (R&R 10-12.) None of these conclusions is clearly erroneous.

With respect to the medical equivalency analysis, although not listed explicitly as "Crohn's disease," § 5.07(A) of the impairment listings describes an impairment that is very similar to Robinson's condition.[2] The ALJ, in concluding that Robinson's condition was not the medical equivalent of this impairment, did not explain the basis for his conclusion, even though, in cases where "the claimant's symptoms as described by the medical evidence appear to match those described in the Listings, the ALJ must provide an explanation as to why the claimant failed to meet or equal the Listings." *Surita ex rel. Cifuentes v. Astrue*, No. 07-CV-8461, 2008 WL 4998426, at *5 (S.D.N.Y. Nov. 21, 2008) (internal quotation marks and alterations omitted). Because the ALJ did not provide an explanation as to why Robinson's impairments are not the medical equivalent of impairments in the listing, his determination is not supported by substantial evidence, *see Booker v. Heckler*, No. 83-CV-5300, 1984 WL 622, at *3 (S.D.N.Y. July 19, 1984) (noting that a court "cannot find substantial evidence" supporting a determination of ineligibility

---

[2] The impairment described in that section is: "Regional enteritis . . . [w]ith . . . [p]ersistent or recurrent intestinal obstruction evidenced by abdominal pain, distention, nausea, and vomiting and accompanied by stenotic areas of small bowel with proximal intestinal dilation." 20 C.F.R. pt. 404, subpt. P, app. 1 § 5.07(A).

where an ALJ fails to explain why relevant symptoms do not match impairments in the listings), and therefore should be remanded.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated June 19, 2009, is adopted in its entirety. It is further

ORDERED that Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is granted to the extent that the case should be remanded. It is further

ORDERED that Defendant's cross-motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is denied. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), sentence four, the case be remanded to the Commissioner for further administrative proceedings consistent with this Order.

SO ORDERED.

Dated: October 26, 2010
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE